IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NORTH PACIFIC INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>    vs.<br><br>CALVIN STUCKY, RENEE STUCKY, SADIE STUCKY & CALLIE JO STUCKY,<br><br>              Defendants. | CV 12–15–H–DLC<br><br><br>ORDER |

Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiff North Pacific Insurance Company ("North Pacific") moves to bifurcate trial of this matter in order to first address its declaratory judgment claim before proceeding to trial on Defendants' counterclaims alleging negligence and breach of contract.  North Pacific seeks a declaration from this Court that there is no under-insured motorist ("UIM") coverage for an automobile accident involving one of the Defendants because the vehicle at issue was never added to an existing insurance policy.  North Pacific contends that favorable disposition of its claim will obviate the need for trial on Defendants' counterclaims.  Defendants Calvin Stucky, Renee Stucky, Sadie Stucky, and Callie Jo Stucky ("the Stuckys") oppose bifurcation and urge

1

this Court to deny the motion.  For the reasons discussed below, Plaintiff's motion will be denied.

**Background**

North Pacific issued a Commercial Auto Policy ("the policy") to Earl and Glenna Stucky for the policy period of October 24, 2008, to October 24, 2009. Calvin and Renee Stucky were specifically named under this policy as insureds. Initially, 10 vehicles were identified as covered under this policy.  Over the course of the policy period a number of vehicles were either added to the policy or removed.  It is undisputed that during this period at least 18 vehicles were listed under the policy, with separate premiums for UIM coverage charged for each vehicle.  However, the parties disagree as to whether a 19th vehicle was added to the policy.

On or about May 27, 2009, Calvin purchased a 1980 Ford pickup ("the Ford").  Calvin alleges that he contacted  North Pacific's insurance agent, Pat Greany, the next day to inform him of this purchase and requested the Ford be added to the existing policy.  Calvin also alleges that shortly after this phone call Greany visited the Stuckys' home and saw the Ford.  North Pacific disputes the Stuckys' assertion that Greany was asked to add the Ford to the policy and takes the position that the Ford was not insured.

On August 12, 2009, Calvin was involved in a two vehicle accident on Highway 141.  The driver of the other vehicle, Seth Schmautz, allegedly fell asleep at the wheel and crossed the centerline, crashing head-on with the Ford. Calvin claims extensive injuries as a result of this accident, including a traumatic brain injury requiring extensive rehabilitation.  The Stuckys allege economic losses of $5,000,000.  Schmautz's insurance coverage,  totaling $1,250,000, is insufficient to cover the claimed loss.  The Stuckys allege that Sadie and Callie Jo Stucky, in addition to Calvin and Renee, were also insured under this policy and are entitled to stackable UIM benefits.  After including the disputed Ford coverage, the Stuckys claim the total available stackable coverage is $19,000,000.

North Pacific filed a complaint seeking a declaratory judgment stating that the Stuckys are not entitled to UIM coverage for the accident because the Ford was never added to the policy.  The Stuckys counter that Greany was told to add the Ford to the policy and have asserted counterclaims for declaratory judgment, negligence, and breach of contract.

North Pacific argues that separating its claim from Defendants' counterclaims would: (1) serve judicial economy; (2) avoid undue prejudice against North Pacific; and (3) further the parties' convenience.

The Stuckys counter that North Pacific cannot meet its burden for

bifurcation and North Pacific's motion should be denied because: (1) bifurcation would not serve judicial economy; (2) the risk of undue prejudice to the Stuckys by allowing bifurcation outweighs the risk to North Pacific by not granting the motion; and (3) bifurcation would result in substantial inconvenience to the Stuckys.

**Discussion**

A motion to bifurcate is governed by Federal Rule of Civil Procedure 42(b), which states:

> Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to grant a motion to bifurcate is within the sound discretion of the district court.  *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  An order granting bifurcation is the exception and not the rule.  *L–3 Commun. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005) (citations omitted).  The moving party carries the burden to show bifurcation is warranted.  *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D. Mont. 2003).

Here, North Pacific has not met its burden to show that bifurcation would further judicial economy.  North Pacific asserts that establishing the existence or

non-existence of coverage would serve judicial economy because a finding that coverage did not exist would render the Stuckys' counterclaims moot.  Thus, a determination of non-coverage, North Pacific argues, would prevent this Court and the parties from wasting resources on claims that could be disposed of by a coverage determination.  However, this assertion is predicated on the assumption that North Pacific will prevail on the issue of coverage.  If coverage is determined to exist, another trial would still be necessary to determine damages.

North Pacific concedes that this second scenario is possible, but argues a second trial would still serve judicial economy by narrowing the issues and allowing the Stuckys to focus on the nature and extent of their alleged damages.  However, this Court fails to see how judicial economy could be served by holding two trials on claims that could be resolved with one trial.  This second trial would involve the same operative facts as the first trial, and may include many of the same witnesses.  Additionally, this Court would need to schedule and prepare for two trials, including the seating of two juries.  These duplicative efforts would not serve judicial economy.  Here, the potential benefit of establishing the non-existence of coverage is outweighed by the negative impact on judicial resources if a second trial is found to be necessary.  Thus, in this case, the potential for two trials does serve judicial economy.

Next, the risk of undue prejudice against North Pacific by a jury hearing the Stuckys' alleged damages does not warrant bifurcation.  This Court has great faith in the ability of jurors to set aside potentially prejudicial damages in favor of resolving the underling legal issue.  On multiple occasions, this Court has witnessed the capacity of jurors to focus on the issue of coverage, despite the sometimes severe consequences a finding of non-coverage has on the injured party.

Additionally, North Pacific's concerns about undue prejudice can be alleviated through proper jury instructions and a special verdict form.  For example, the jury can be instructed to make a coverage determination prior to considering the Stuckys' damages and the verdict form can be crafted in such a manner that coverage will be resolved first by the jury.  Proper jury instructions and the form of the verdict will eliminate any potential for undue prejudice against North Pacific.

Finally, bifurcation does not serve to further the parties' convenience. North Pacific argues that bifurcation would save the parties time and money by potentially eliminating the need for a second trial.  Even if coverage is found to exist and a second trial was held on damages, North Pacific argues it would still further the convenience of the Stuckys because the issues for trial will be

6

narrowed, allowing the focus of the trial to be on damages.   However, North Pacific fails to address the possible emotional and financial strain on the family if a second trial is found to be necessary.  The Stuckys adamantly oppose bifurcation and argue a second trial would be extremely inconvenient due to the mental, physical, and emotional costs of participating in a second trial.  These burdens outweigh any potential convenience separate trials may have for North Pacific.

Thus, weighing the potential benefits of bifurcation regarding judicial economy, convenience to the parties, and the avoidance of possible undue prejudice, this Court finds that North Pacific has not carried its burden and the motion to bifurcate will be denied.

Accordingly, IT IS ORDERED that Plaintiff North Pacific's motion to bifurcate trial (doc. 42) is DENIED.

Dated this 25th day of September 2013.

Dana L. Christensen, Chief District Judge
United States District Court