IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NORTH PACIFIC INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN STUCKY, RENEE STUCKY, SADIE STUCKY, and CALLIE JO STUCKY,<br><br>Defendants. | CV 12–15–H–DLC<br><br>ORDER |

Before the Court is Plaintiff North Pacific Insurance Company's ("North Pacific") motion for summary judgment on Defendants' Affirmative Defenses as stated in paragraphs 6 and 7 of the Affirmative Defenses section of Defendants' Second Amended Answer and Counterclaim. Plaintiff contends that whether or not the vehicle driven by Mr. Stucky at the time of his collision with an underinsured motorist is a "temporary substitute for a covered 'auto'" is irrelevant to the question of whether or not there is coverage under North Pacific's underinsured motorist ("UIM") coverage. For the reasons explained below, the Court will grant the motion.

1

## Factual and Procedural Background

Defendant Calvin Stucky was a named insured under a commercial auto insurance policy issued by Plaintiff North Pacific that was in effect from October 24, 2008 to October 24, 2009 ("the Policy"). (Doc. 81-1 at 5). The Policy provided UIM coverage. *Id.* at 41.

On about February 20, 2009, Calvin Stucky took his primary ranch vehicle, a red Chevy truck, to Rick's Towing in Deer Lodge, Montana for repairs. (Doc. 22 at 7.) The record does not clearly establish whether or not this red Chevy truck was insured under the Policy. Calvin Stucky's red Chevy truck remained in the shop for repairs throughout the summer of 2009. *Id.*

On about May 27, 2009, Calvin Stucky purchased a 1980 Ford truck. *Id.* Stucky purchased the 1980 Ford truck "to fill a need that was previously met by the red truck." (Doc. 55-2 at 8-9.) Defendants claim Calvin Stucky told North Pacific's agent, Pat Greany, to add the 1980 Ford truck to the Policy. North Pacific disputes this claim. On August 12, 2009, while driving the 1980 Ford truck, Calvin Stucky was involved in a head-on collision with a vehicle driven by Seth Schmautz (Doc. 22 at 8.) Calvin suffered severe, traumatic brain injury. *Id.* His damages allegedly exceed the policy limits of Mr. Schmautz's State Farm policy. *Id.* at 9.

Calvin made a claim for UIM benefits under the Policy for his injuries and damages caused by the August 12, 2009 motor vehicle accident. (Doc. 1 at 6.) North Pacific then filed this action seeking a declaratory judgment that there is no coverage for Calvin Stucky's claim for UIM benefits. *Id.* Defendants filed a Second Amended Answer and Counterclaim on September 13, 2012, in which Calvin Stucky's wife and daughters were added, and asserting, among other claims, that they too were entitled to UIM benefits.

In its Second Amended Answer, Defendants raised several affirmative defenses. In paragraphs 6 and 7 of Defendants' affirmative defenses, Defendants asserted that the 1980 Ford truck that Calvin Stucky was driving at the time of the accident was a "temporary replacement vehicle" for the red Chevy truck that was being repaired. (Doc. 22 at 5.)

In its motion for summary judgment, North Pacific asserts that whether or not the 1980 Ford truck is a temporary substitute vehicle is irrelevant to a determination of whether North Pacific must provide UIM benefits to Defendants. Defendants contend that the policy is ambiguous with regard to whether a Named Insured is entitled to UIM benefits if the Named Insured is in a temporary substitute vehicle at the time damages are incurred by an underinsured motorist, and that this ambiguity must be construed in favor of coverage.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

The elements of each claim determine which facts are material. *Id.* Only disputes over facts that might affect the outcome of the suit under the governing law properly preclude entry of summary judgment. *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987). "Disputes over

irrelevant or unnecessary facts will not preclude a grant of summary judgment."
*Id.*

## APPLICABLE LAW

The law of Montana applies in this diversity jurisdiction case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In Montana, the interpretation of an insurance contract is a question of law. *Marie Deonier & Assoc. v. Paul Revere Life Ins. Co.*, 9 P.3d 622, 630 (2000). The language of an insurance policy governs if it is clear and explicit. *Id.* Ambiguities are construed in favor of the insured and against the insurer. *Id.* Exclusions from coverage are narrowly and strictly construed "because they are contrary to the fundamental protective purpose of an insurance policy." *Id.* An ambiguity exists when an insurance contract taken as a whole is reasonably subject to two different interpretations. *Jacobsen v. Farmers Union Mut. Ins. Co.*, 87 P.3d 995, 997-98 (2004)(overruled on other grounds).

## ANALYSIS

The Policy provides a broad grant of UIM coverage:

> We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance, or use of the "underinsured

motor vehicle".

(Doc. 48-1 at 41.) Thus, so long as all other requirements are met, a person meeting the definition of an "insured" is entitled to UIM benefits under the Policy whether or not the damages were incurred while the insured was in a covered auto, a temporary substitute auto, a friend's auto, a relative's auto, or no auto at all.

The Policy goes on to define who is an "insured" for purposes of UIM coverage. It provides, in pertinent part, the following:

> If the Named Insured is designated in the Declarations as:
> 1. An individual, then the following are "insureds":
>    a. The Named Insured and any "family members".
>    b. Anyone else "occupying" a covered "auto" or temporary substitute for a covered auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

*Id*. at 42. Thus, under part 1(a), if one is a Named Insured or any "family member," he or she is entitled to the full benefit of the broad grant of coverage for UIM benefits. So long as the Named Insured or any "family member" meets all the other requirements, and disregarding exclusions, a Named Insured or any family member is entitled to UIM benefits regardless of the auto he or she is occupying or struck by.

"Anyone else," that is, anyone who is not a Named Insured or "family

6

member," must meet certain additional requirements in order to be entitled to UIM benefits. Under part 1(b), a person who is not a Named Insured or "family member" may still be entitled to UIM benefits if, he or she meets all other requirements <u>and</u> he or she is "occupying" a covered auto or a temporary substitute auto at the time the damages were incurred. Under the Policy, a Named Insured or any "family member" need not worry about whether he or she was occupying a "covered" or temporary substitute auto at the time damages were caused by an underinsured motorist. It is only "anyone else" seeking UIM benefits who must be concerned with this question.

The temporary substitute language in part 1(b) does not restrict the broad grant of coverage provided to a Named Insured or "family member" under part 1(a). "A clause extending coverage to a substitute automobile is for the insured's benefit . . . . Its purpose is not to limit narrowly or defeat coverage, but to make the coverage reasonably definite as to the vehicle normally used, while permitting the insured to continue driving should that vehicle be temporarily out of commission." *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 9 Cal.App.3d 508, 518 (1970).

The Policy's UIM coverage contains only one exclusion relevant to a Named Insured or any "family member", which reads as follows:

> This insurance does not apply to any of the following:

> ...
> An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form.

*Id.* The Policy provides an effectively identical exclusion for any "family member." Thus, all other requirements being met, a Named Insured is not entitled to UIM benefits only if his or her damages are incurred while "'occupying' or when struck by any vehicle owned by that Named Insured that is not a covered 'auto'." *Id.* The same is true for any "family member" of a Named Insured.

As stated above, a Named Insured or any family member need not worry whether he was occupying a covered auto, a temporary substitute auto, or no auto at all when he incurred the damages. If all other requirements are met, the Named Insured must only concern himself with whether or not he was occupying or struck by an owned vehicle that was not a covered auto at the time the damages were incurred. The Policy unambiguously provides UIM benefits for a Named Insured or any family member who is occupying, or struck by, <u>any</u> vehicle, except a vehicle that the Named Insured or "family member" owned without coverage.

In this case, for purposes of resolving Plaintiff's motion, there is no dispute that Calvin Stucky sustained damages as a result of "bodily injury" caused by an "accident" arising from Mr. Schmautz' use of an "underinsured motor vehicle." It

is also undisputed that Calvin Stucky was the only person "occupying" the 1980 Ford truck at the time of the collision. Finally, it is undisputed that Calvin Stucky was an "insured." Indeed, Mr. Stucky was a Named Insured on the policy. (Doc. 48-1 at 5.) Thus, under the terms of the Policy's broad grant of coverage, Mr. Stucky is entitled to recover UIM benefits so long as he was not occupying "any vehicle owned by [Mr. Stucky] that [was] not a covered 'auto' for Underinsured Motorists Coverage." *Id.* at 42.

Under this broad grant of coverage, and as a Named Insured, it makes no difference whether Calvin Stucky was occupying a temporary substitute vehicle at the time he incurred damages on August 12, 2009. The only relevant question regarding the vehicle that Calvin Stucky was occupying at the time of the collision is whether the vehicle was an auto he owned that was not covered. The record currently reveals genuine issues of disputed fact as to whether the 1980 Ford truck should have been covered per Defendants' alleged instructions to insurance agent Pat Greany. However, any dispute as to whether the 1980 Ford truck was a temporary substitute vehicle is irrelevant and will not affect the outcome of the suit.

Accordingly, North Pacific is entitled to summary judgment with respect to Defendants' affirmative defenses as stated in paragraphs 6 and 7 of the

9

Affirmative Defenses section of Defendants' Second Amended Answer and Counterclaim. (Doc. 22.) There is no material dispute regarding whether the Ford truck was a temporary substitute vehicle. The Court concludes that any dispute on this issue is irrelevant to the dispositive, unresolved issue of whether Mr. Stucky was occupying a covered auto as defined by the UIM coverage.

    IT IS ORDERED that the motion (Doc. 46) is GRANTED.

    DATED this 5th day of December, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court